**In re Michael Lance RENFROW and Denise Nora Renfrow, Debtors.**

**Bankruptcy No. 94–15176–B–7K.**

**MCN: KWD–4.**

United States Bankruptcy Court,
E.D. California,
Fresno Division.

July 1, 1996.

Michael S. Abril, Klein, Wegis, DeNatale, Goldner & Muir, L.L.P., Bakersfield, CA, for Cleo M. Floran.

Carol D. Mills, Office of the U.S. Trustee, Fresno, CA, for U.S. Trustee.

Leonard K. Welsh, Bakersfield, CA, for Debtors.

John D. Carlson, Bakersfield, CA, for Randall Parker.

Lauren T. Diehl, Adams, Duque & Hazeltine, L.L.P., Los Angeles, CA.

**ORDER DENYING MOTION TO OVERRULE UNITED STATES TRUSTEE RE ELECTION OF CHAPTER 7 TRUSTEE**

BRETT J. DORIAN, Bankruptcy Judge.

The motion of creditor Cleo M. Foran to overrule the United States Trustee regarding the election of a Chapter 7 trustee came on for hearing on June 20, 1996. Present were Michael Abril for movant Cleo M. Foran, John Carlson for trustee Randell Parker, Leonard Welsh for the debtors and Carol Mills for the United States Trustee. The motion, supported by creditor American Express, requests that the refusal of the .U.S. Trustee to recognize the attempt by Michael Abril to vote on behalf of Cleo M. Foran on the election of a trustee without a written proxy as required by FRBP 2006 be overruled and that Joseph F. Etienne be deemed the elected trustee. Alternatively the motion

**326**

requests that the court order a new election for trustee.

It appearing to the court that FRBP 2006 takes precedence over the more general provisions of FRBP 9010(a), and it further appearing that the U.S. Trustee is not the official custodian of the court's files and cannot be charged with determining whether or not a given attorney has or has not filed an appearance in a case, and it further appearing that the meeting held pursuant of 11 U.S.C. § 341(a) is not a court hearing but is rather a proceeding conducted by or on behalf of the U.S. Trustee in a facility maintained by the United States Department of Justice and not the Bankruptcy Court, and there being no showing that creditors will be prejudiced by the continued service of Randell Parker as trustee or better served by Joseph F. Etienne, and the court finding that just cause does not exist to require the holding of a further election,

IT IS ORDERED that the motion is denied.